UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MITCHELL RAY MCCOO, JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2774-X |
| | § | |
| CITY OF DALLAS, et al., | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Mitchell Ray McCoo, Jr. filed suit against the City of Dallas and Dallas police officers Robert Beck, Jr. and Jesus Martinez. McCoo argues the officers used excessive force and unlawfully detained, searched, and arrested him. McCoo dismissed his claims against the City, Officer Beck answered, and Officer Martinez moved to dismiss (Doc. 22). After considering the motion, the complaint, and the relevant law, the Court **GRANTS** Officer Martinez's motion and **DISMISSES WITHOUT PREJUDICE** McCoo's claims against Officer Martinez.

### I.    Background

Shortley after 1:15 am in January 2024, McCoo stopped his car in a one-way road, allegedly to check his phone for directions. After being stopped for about five minutes, Officers Beck and Martinez initiated a traffic stop and asked him for his license and registration. McCoo exited his vehicle to get his wallet out and the officers told him to sit on the curb. McCoo refused, arguing that the officers had no basis for the stop. Tensions escalated and Officer Beck pulled out his taser and guided McCoo

1

toward the curb.  McCoo asked the officers not to touch him, and Martinez complied.  Beck, on the other hand, allegedly tased McCoo, took his wallet, and gave it to Martinez.  Martinez then opened it and searched it for McCoo's identification.

The officers then placed McCoo under arrest for two misdemeanors: driving while intoxicated and unlawful carrying of a weapon.  McCoo brought section 1983 claims alleging, among other things, that the officers did not have reasonable suspicion to detain him or probable cause to arrest him, and that the search of his wallet was unlawful.  Martinez moves to dismiss the false arrest and unlawful search claims.

## II.    Legal Standard

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."[1]  The complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."[2]  And there must be enough facts for the Court to be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

In its evaluation, the Court construes the complaint liberally in favor of the plaintiff, and accepts all facts pleaded in the complaint as true.[4]  But conclusory statements or legal conclusions are not credited.[5]

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[5] *See Ashcroft*, 556 U.S. at 678.

2

### III. Analysis

McCoo alleges that Officer Martinez violated the Fourth Amendment by unlawfully detaining, searching, and arresting him without probable cause. Martinez invokes qualified immunity against McCoo's claims.

Qualified immunity shields government officials from civil liability, unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known."[6] "[G]overnment officials," thus have "breathing room to make reasonable but mistaken judgments" unless they are "plainly incompetent or . . . knowingly violate the law."[7]

So a plaintiff bears the burden of alleging (1) the violation of a constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.[8] But even if the plaintiff demonstrates the violation of a clearly established right, "the official is entitled to qualified immunity if his conduct was objectively reasonable."[9]

Here, McCoo alleges that Officer Martinez lacked probable cause to seize him and search his wallet.

Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable

---

[6] *City of Tahlequah, Okla. v. Bond*, 595 U.S. 9, 12 (2021) (cleaned up).

[7] *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Ashcroft*, 563 U.S. at 743) (cleaned up).

[8] *See Connelly v. Tex. Dep't of Crim. Just.*, 484 F.3d 343, 346 (5th Cir. 2007).

[9] *Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008).

3

person to conclude that the suspect had committed or was committing an offense."[10] The Supreme Court has cautioned that "[p]robable cause is a fluid concept" that cannot be "reduced to a neat set of legal rules."[11]  Law enforcement officers may still have probable cause to arrest someone even when they have a mistaken belief of fact or law.[12]  Accordingly, "law enforcement officials who reasonably but *mistakenly* conclude that probable cause is present are entitled to immunity."[13]

Martinez asserts he had probable cause that McCoo was violating a Texas statute that forbids, with few exceptions, an operator of a vehicle from stopping, parking, or leaving an attended or unattended vehicle on the main traveled part of a highway outside a business or residential district.[14]

It is uncontested that McCoo's vehicle was parked in the road, not on the side of the road, at the 600 block of South Second Avenue in Dallas at 1:15 am.  McCoo also concedes that the stop did not take place in a residential area.  And evidence provided by both parties through a Google Maps screenshot shows that the stop took place in or about an area of road with few buildings nearby, which may or may not be

---

[10] *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) (cleaned up).

[11] *Maryland v. Pringle*, 540 U.S. 366, 370–71 (2003) (cleaned up).

[12] *Heien v. North Carolina*, 574 U.S. 54, 63 (2014) ("Probable cause . . . encompass[es] suspicion based on reasonable mistakes of both fact and law.").  *See also Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("[I]t is inevitable that law enforcement official will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable.").

[13] *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (emphasis added).

[14] Tex. Transp. Code § 545.301.  Martinez also asserts McCoo violated a Texas statute that prohibits the intentional, knowing, or reckless obstruction of a street by making the street impassable or passage unreasonably inconvenient or hazardous.  Tex. Pen. Code §§ 42.03(a)–(b).  Because the Court concludes the first statute at issue applies, it need not reach the second statute.

4

used for business or industrial purposes. Accordingly, a reasonable law enforcement officer could conclude that McCoo had parked his vehicle in a street that was outside a business district or was obstructing the street.

But even if Martinez mistakenly believed that McCoo was parked outside a business district, all facts provided by McCoo suggest that it would be a reasonable mistake of fact. So Martinez would still have had probable cause to arrest McCoo.[15] He is thus immune from McCoo's unlawful arrest claim.[16]

Because McCoo's arrest was lawful, the unlawful search claim is also foreclosed.[17]

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Officer Martinez's motion to dismiss and **DISMISSES WITHOUT PREJUDICE** McCoo's claims against Officer Martinez.

**IT IS SO ORDERED** this 22nd day of August, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] *See Heien*, 574 U.S. at 63; *Mendenhall*, 213 F.3d at 230.

[16] *See Heien*, 574 U.S. at 63.

[17] *See Bailey v. Ramos*, 125 F.4th 667, 679 (5th Cir. 2025) ("Because Ramos is entitled to qualified immunity for Bailey's unlawful arrest claim, he is entitled to qualified immunity for Bailey's unlawful seizure claim.").