UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MITCHELL RAY MCCOO, JR., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:24-CV-2774-X |
| § | |
| CITY OF DALLAS, et al., § | |
| § | |
| *Defendants.* § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Mitchell Ray McCoo, Jr. filed suit against the City of Dallas and Dallas police officers Robert Beck, Jr. and Jesus Martinez. McCoo argued the officers used excessive force and unlawfully detained, searched, and arrested him. McCoo dismissed his claims against the City of Dallas with prejudice. (Doc. 25). And the Court dismissed without prejudice McCoo's claims against Officer Martinez. (Doc. 31). Officer Beck answered McCoo's complaint and the Court ordered McCoo to file a Rule 7(a) reply pursuant to *Schultea v. Wood*,[1] requiring him to plead with particularity that Beck had violated his clearly established Fourth Amendment rights. (Doc. 33). Beck subsequently moved for judgment on the pleadings under Rule 12(c). (Doc. 35).

After due consideration, the Court **GRANTS** Beck's motion and **DISMISSES WITHOUT PREJUDICE** McCoo's claims against Beck.

---

[1] *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc).

1

## I. Background

As stated McCoo's amended complaint and McCoo's Rule 7(a) reply, shortly after 1:15 a.m. in January 2024, McCoo stopped his car on a one-way road, allegedly to check his phone for directions. After remaining in the road for about five minutes, Beck and Martinez initiated a traffic stop and asked him for his license and registration.

Without being instructed to do so, McCoo exited his vehicle, allegedly to retrieve his identification. While he did not make threatening movements or gestures, McCoo repeatedly expressed his frustration with law enforcement. Beck and Martinez instructed McCoo to move out of the street and attempted to guide him to the side of the road. McCoo verbally indicated that he did not want to be touched. Beck then instructed him to sit on the curb. McCoo refused to sit.

Beck subsequently unholstered his TASER and grabbed McCoo, attempting to pull him to the curb. McCoo again stated he did not want to be touched, pulled away from Beck and moved toward the curb. At that point, Beck discharged his TASER into McCoo's chest, causing him to collapse.

## II. Legal Standard

Beck seeks dismissal of McCoo's complaint under Rule 12(c). Rule 12(c) motions are "subject to the same standards as a motion to dismiss under Rule 12(b)(6)."[2]

---

[2] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381 (5th Cir. 2013).

2

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."³ The complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."⁴ And there must be enough facts for the Court to be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."⁵

In its evaluation, the Court construes the complaint liberally in favor of the plaintiff, and accepts all facts pleaded in the complaint as true.⁶ But the Court cannot credit conclusory statements or legal conclusions.⁷

### III. Analysis

McCoo alleges that Beck violated the Fourth Amendment by using excessive force and committed Texas common-law assault when he tased McCoo. Beck raises the defense of qualified immunity.

Qualified immunity shields government officials from civil liability, unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known."⁸ "[G]overnment officials," thus have "breathing room to make reasonable but mistaken judgments" unless they are "plainly incompetent or . . . knowingly violate the law."⁹

---

³ FED. R. CIV. P. 12(b)(6).

⁴ *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 570 (2007).

⁵ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

⁶ *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

⁷ *See Ashcroft*, 556 U.S. at 678.

⁸ *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) (cleaned up).

⁹ *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)) (cleaned up).

So a plaintiff bears the burden of alleging (1) the violation of a constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident.[10]

The Supreme Court has made clear that courts must not "define clearly established law at a high level of generality."[11]  Instead, the "inquiry must be undertaken in light of specific context of the case."[12]  "Therefore, unless existing precedent squarely governs the conduct at issue, an official will be entitled to qualified immunity."[13]

Ordinarily, at the 12(b)(6) stage, a plaintiff does not have to meet the heightened standard of identifying legal caselaw to survive dismissal.[14]  But McCoo has provided a Rule 7(a) Reply to plead with particularity that Beck has violated clearly established Fourth Amendment rights and provided responsive briefing to Beck's motion for judgment on the pleadings.[15]  So the Court finds it appropriate to apply more of a summary-judgment standard to defeat a qualified immunity defense.

Accordingly, McCoo must "identify a case in which an officer acting under similar circumstances was held to have violated the Constitution."[16]  "The burden here is heavy" as a "right is clearly established only if preexisting precedent has

---

[10] *See Connelly v. Tex. Dep't of Crim. Just.*, 484 F.3d 343, 346 (5th Cir. 2007).

[11] *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam).

[12] *Id.* (cleaned up).

[13] *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (cleaned up) (citing *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (per curiam)).

[14] *Santander v. Salazar*, 133 F.4th 471, 478 (5th Cir. 2025).

[15] Docs. 34, 38.

[16] *Cope*, 3 F.4th at 205 (cleaned up).

4

placed the constitutional question beyond debate."[17] But even if the plaintiff demonstrates the violation of a clearly established right, "the official is entitled to qualified immunity if his conduct was objectively reasonable."[18]

McCoo raises a single claim of excessive force under the Fourth Amendment.[19] But he fails to identify a case where an officer acting under similar circumstances was held to violate the Constitution. The cases McCoo provides involved suspects complying with law enforcement commands at the time law enforcement began using force against them.[20] In contrast, McCoo concedes that he was noncompliant.[21] So these cases cannot meet McCoo's burden of showing legal authority finding "an officer acting under similar circumstances was held to have violated the Constitution."[22]

Moreover, the Court is unable to identify a case that "squarely governs" the "specific context" of this case.[23] Nor is it "beyond debate" that Beck's conduct is unlawful such that it falls under the obvious case exception.[24]

---

[17] *Harmon v. City of Arlington*, 16 F.4th 1159, 1165 (5th Cir. 2021) (cleaned up) (quoting *Ashcroft v. al-Kidd*, 563 U.S. at 741).

[18] *Davis v. McKinney*, 518 F.3d 304, 317 (5th Cir. 2008).

[19] McCoo declined to advance his unlawful search and seizure claim against Beck.

[20] *Newman v. Guedry*, 703 F.3d 757, 762–63 (5th Cir. 2012) (holding officers used excessive force when they tased a suspect who made an off-color joke but that "was never given any commands that he disobeyed"); *Darden v. City of Fort Worth*, 880 F.3d 722, 730–31 (5th Cir. 2018) (holding officers used excessive force when witness and video testimony showed the suspect had complied with officer commands before officers used force); *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) (holding an officer's slamming an arrestee's face into a vehicle after she was "restrained and subdued" and "not resisting arrest or attempting to flee" was excessive).

[21] *See* Doc. 38 at 2, 4, 6.

[22] *Cope*, 3 F.4th at 205.

[23] *Id.* at 204.

[24] *Joseph ex rel. Estate of Joseph*, 981 F.3d at 330.

So Beck is entitled to qualified immunity. And because McCoo's constitutional claim is foreclosed by qualified immunity, his state law claims likewise fail as a matter of law.[25]

Accordingly, the Court must dismiss McCoo's claims against Beck.

### IV. Conclusion

For the reasons stated above, the Court **GRANTS** Officer Beck's motion for judgment on the pleadings and **DISMISSES WITHOUT PREJUDICE** McCoo's claims against Officer Beck.

**IT IS SO ORDERED** this 24th day of February, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[25] *Shaboon v. Duncan*, 252 F.3d 722, 735–36 (5th Cir. 2001) ("We look to whether a reasonable official could have believed his or her *conduct* to be lawful in light of *clearly established law* and the information possessed by the official at the time the conduct occurred." (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex. 1994) (emphasis added))).